IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALTON E. DEAN,

      Plaintiff,                         No. CIV S-10-0566 DAD P

   vs.

DENNIS B. JONES, et al.,

      Defendants.                 ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.[1] In addition, plaintiff has filed a motion seeking a temporary restraining order. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

/////

/////

---

[1] Plaintiff has filed two complaints, one on March 10, 2010 and one on April 19, 2010. The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Accordingly, the court will disregard the original complaint filed March 10, 2010 and consider plaintiff's amended complaint filed on April 19, 2010 for screening purposes. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

1

**PLAINTIFF'S IN FORMA PAUPERIS APPLICATION**

Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See 28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff's current account balance, as of March 23, 2010, is $0.29.  Accordingly, the court will not assess an initial partial filing fee.  See 28 U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862

3

(9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations of an official personnel's involvement in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In his amended complaint, plaintiff has named Dennis B. Jones and Jules Francis as defendants.  Plaintiff appears to allege that from December 2007 to the present, Dr. Michelle Street and Dr. Berlgovskava have been denying him adequate treatment for his prostate cancer. Plaintiff also alleges that the doctors have failed to provide him with adequate pain relief for his "hemiplegic wheelchair-bound condition."  In terms of relief, plaintiff is entirely unclear as to whether he seeks monetary damages, morphine, both, or neither.  (Compl. at 1-3.)

**DISCUSSION**

The allegations in plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements set forth in Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant plaintiff leave to file a second amended complaint.

If plaintiff files a second amended complaint, he is advised of the following legal standards that appear to govern the claims that he is attempting to present.  To the extent that plaintiff is pursuing an inadequate medical care claim under the Eighth Amendment, he is advised that the U.S. Supreme Court has held that inadequate medical care does not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level

Case 2:10-cv-00566-LKK-DAD   Document 9   Filed 04/27/10   Page 5 of 7

of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). See also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). In applying this standard, the Ninth Circuit has held that "the indifference to [plaintiff-prisoner's] medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

In addition, plaintiff is advised that he should allege in specific terms how each defendant was involved in the deprivation of his federal rights. Unless plaintiff provides some affirmative link or connection between a defendant's actions and the claimed deprivation, there can be no liability under 42 U.S.C. § 1983. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). For example, in his amended complaint plaintiff names Dennis B. Jones and Jules Francis as defendants. However, it appears from plaintiff's motion for a temporary restraining order, which is addressed below, that Dennis B. Jones and Jules Francis are employees of the Department of Revenue and Recovery. Plaintiff fails to allege facts explaining any connection between two employees of the Department of Revenue and Recovery and the medical treatment he has received in prison. Moreover, the two doctors that plaintiff does mention in the amended complaint are not named as defendants in this action.

Plaintiff is also informed that the court cannot refer to prior pleadings in order to make his second amended complaint, should he decide to file one, complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, if plaintiff files a second amended complaint each claim and the involvement of each defendant must be sufficiently alleged.

/////

**PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

Also pending before the court is plaintiff's motion for a temporary restraining order. Plaintiff appears to seek a temporary restraining order preventing defendants Dennis B. Jones and Jules Francis of the Department of Revenue and Recovery from levying his prison trust account. However, plaintiff's request for a temporary restraining order is insufficient under Local Rule 231(c). Therefore the court will construe the request as a motion for a preliminary injunction.

Plaintiff may not seek preliminary injunctive relief until the court finds that his complaint contains cognizable claims. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court."). As ordered below, plaintiff's complaint will be dismissed with leave to file an amended complaint. The court has not authorized service of the complaint upon any defendants. Accordingly, plaintiff's motion must be denied as both defective and premature.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 6) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (Doc. No. 7) is dismissed;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint;" failure to file an

6

amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice;

     5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action; and

     6. Plaintiff's motion for a temporary restraining order (Doc. No. 2) is denied as defective and premature.

DATED: April 27, 2010.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
dean0566.14a