1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALTON E. DEAN,

11              Plaintiff,                    No. CIV S-10-0566 DAD P

12        vs.

13   DENNIS B. JONES, et al.,                ORDER AND

14              Defendants.                   FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

17   rights action pursuant to 42 U.S.C. § 1983.  By order filed April 27, 2010, the court dismissed

18   plaintiff's amended complaint and granted him leave to file a second amended complaint.  On

19   May 12, 2010, plaintiff filed a second amended complaint.  However, before the court screened

20   his second amended complaint, plaintiff filed a third amended complaint on May 17, 2010.  As

21   a general rule, an amended complaint supercedes a prior complaint.  Loux v. Rhay, 375 F.2d 55,

22   57 (9th Cir. 1967).  Accordingly, the court will disregard plaintiff's second amended complaint

23   and consider his third amended complaint for screening purposes.

24                          **SCREENING REQUIREMENT**

25          The court is required to screen complaints brought by prisoners seeking relief

26   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

1

1   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

2   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

3   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

4   U.S.C. § 1915A(b)(1) & (2).

5   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

6   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

7   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

8   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

9   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

10  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

11  Cir. 1989); Franklin, 745 F.2d at 1227.

12  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

13  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

14  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

15  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

16  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

17  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

18  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

19  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

20  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

21  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

22  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

23  The Civil Rights Act under which this action was filed provides as follows:

24  Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the
25  deprivation of any rights, privileges, or immunities secured by the
    Constitution . . . shall be liable to the party injured in an action at
26  law, suit in equity, or other proper proceeding for redress.

2

1  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

2  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

3  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

4  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

5  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

6  omits to perform an act which he is legally required to do that causes the deprivation of which

7  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

8          Moreover, supervisory personnel are generally not liable under § 1983 for the

9  actions of their employees under a theory of respondeat superior and, therefore, when a named

10 defendant holds a supervisorial position, the causal link between him and the claimed

11 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

12 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

13 allegations of an official personnel's involvement in civil rights violations are not sufficient.

14 Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

15                              **PLAINTIFF'S THIRD AMENDED COMPLAINT**

16          In his third amended complaint, plaintiff identifies Dennis B. Jones and Jules B.

17 Francis as the defendants and alleges as follows:

18          On [December 22, 2009], the defendants demanded $516.27 from
            the plaintiff's trust account under a fraudulent writ of execution.
19          The plaintiff has been authoritatively denied access to his very own
            money since [December 22, 2007].  The identity used for the
20          money owed was fictitious.  The plaintiff has been deprived of
            access to emergency lotions for skin graph, vitamins for dietary
21          needs, [and] hair care, as a direct result of erroneous execution by
            the Department of Revenue and Recovery.  10669 Coloma Rd.
22          Rancho Cordova CA. 95670 (916) 875-7761.

23 (Third Am. Compl. (TAC) at 5.)  In terms of relief, plaintiff seeks to recover $516.27 in

24 restitution from defendants.  (Id.)

25 /////

26 /////

**DISCUSSION**

1   In his third amended complaint, plaintiff appears to allege that defendants Jones

2   and Francis have fraudulently deprived him of his trust account funds in violation of the Due

3   Process Clause of the Fourteenth Amendment.  In this regard, the United States Supreme Court

4   has held that "an unauthorized intentional deprivation of property by a state employee does not

5   constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth

6   Amendment if a meaningful post-deprivation remedy for the loss is available."  Hudson v.

7   Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful post-deprivation

8   remedy, only authorized and intentional deprivations constitute actionable violations of the Due

9   Process Clause.  A deprivation is "authorized" if it is carried out pursuant to established state

10  procedures, regulations or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).

11  Here, plaintiff does not allege facts indicating that defendants have committed an

12  "authorized" deprivation of his trust account property.  Rather, plaintiff contends that defendants

13  used a "fraudulent writ of execution" and a fictitious identity to withdraw funds from his trust

14  account. (TAC at 5.)  Such fraudulent activity is not conduct that defendants are authorized to

15  engage in pursuant to established state procedures, regulations or statutes.  Thus, plaintiff's claim

16  is not actionable under the Due Process Clause of the Fourteenth Amendment, unless there is no

17  meaningful post-deprivation remedy for his loss.  See Hudson, 468 U.S. at 533; Piatt, 773 F.2d at

18  1036.

19  California Government Code, §§ 900, et seq provides plaintiff with a meaningful

20  post-deprivation remedy for his loss.  Under these state provisions, the California Legislature has

21  provided plaintiff with an avenue to seek redress for his tort claims, such as fraud, against public

22  officials.  Plaintiff must therefore first attempt to seek redress in the state system before suing in

23  federal court.  Accordingly, plaintiff's third amended complaint fails to state a cognizable claim

24  for relief.

25  /////

**CONCLUSION**

1. IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign this case to a District Judge.

Also, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's May 17, 2010 third amended complaint (Doc. No. 13) be dismissed with prejudice for plaintiff's failure to state a claim upon which relief may be granted.

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 22, 2010.

_____

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
dean0566.56

5